IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KEVIN GORDON, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                      C.A. No.:   1:21-cv-55
                                           **COLLECTIVE ACTION**

ATX COCINA, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KEVIN GORDON, on behalf of himself and all others similarly situated (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendant, ATX COCINA, LLC, (hereinafter sometimes referred to as "Defendant"), and in support thereof state as follows:

**SUMMARY**

Defendant operates a restaurant specializing in Mexican cuisine in Austin, Texas. Defendant's violation of the FLSA includes retaining portions of employee tips.

**INTRODUCTION**

1. This is an action by Plaintiff, individually and on behalf of those workers similarly situated, against his employer for stolen tips pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages

for Defendant's unlawful theft of tips, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant has offices Travis County, Texas.

## THE PARTIES

4. Defendant, ATX COCINA, LLC, is a limited liability company formed and existing under the laws of the State of Texas and maintains an office in Travis County, Texas.

5. Plaintiff, KEVIN GORDON, is an individual residing in Travis County, Texas and was employed as a waiter by Defendant from October of 2019 to August of 2020.

6. Beginning in or about May 2020, Defendant maintained a practice of stealing some or all of the tips earned by its wait staff.

7. Defendant has employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

8. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce. For example, Plaintiff and members of the class handled and sold Mezcal, Tequila and other liqueurs, which were distilled and brewed outside the state of Texas.

10. At all times material to this complaint, Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff and others similarly situated employees and, as a matter of economic reality, Plaintiff and the class members were dependent upon Defendant for their employment.

12. Each member of the class (i.e. wait staff) individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities.

13. Plaintiff and members of the class: 1) occupied positions as servers; 2)

did not hold positions considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) received the federal minimum wage for all hours worked.

14. Defendant stole tips earned by Plaintiff and members of the class for its own use and benefit.

15. Defendant is liable to the Plaintiff and all members of the class for "all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

16. Throughout the employment of Plaintiffs, Defendant repeatedly and willfully violated 29 U.S.C. § 203(m)(2)(B) of the Fair Labor Standards Act by retaining a portion of the tips belonging to the Plaintiff and all similarly situated employees.

17. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of the retained tips pursuant to 29 U.S.C. § 216(b).

18. As a result of Defendant's unlawful conduct, Plaintiff and the class members are entitled to actual and compensatory damages, including the amount of tips that were retained that should have been paid.

19. Plaintiff and members of the class are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule

54(d) of the Federal Rules of Civil Procedure.

20. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF
> ATX COCINA, LLC, WHO RECEIVED TIPS FROM CUSTOMERS.

21. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

   e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

   f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

22. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all overtime claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee tips.

23. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that Defendant unlawfully retained their tips.

24. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

WHEREFORE, Plaintiff, KEVIN GORDON, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

    a.    Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

    b.    Ordering prompt notice of this litigation to all potential Class Members;

    c.    Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this January 18, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621